**PYRAMID LAKE PAIUTE TRIBE
OF INDIANS, Plaintiff,**

v.

**Rogers C. B. MORTON, Secretary of
the Interior, Defendant.**

**Civ. A. No. 2506–70.**

United States District Court,
District of Columbia.

June 22, 1973.

Robert S. Pelcyger, Boulder, Colo., Robert D. Stitser, Reno, Nev., Reid Peyton Chambers, Los Angeles, Cal., L. Graeme Bell, III, Washington, D. C., for plaintiff.

Donald W. Redd, Douglas N. King, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Pyramid Lake Paiute Tribe of Indians has moved for attorneys' fees and other expenses incurred by its attorneys in connection with this successful litigation against the Secretary of the Interior, D. C., 354 F.Supp. 252. Although the motion is unopposed, three questions are presented to the Court for determination. First, is this an appropriate case for the award of attorneys' fees and special ex-

penses other than normal court costs? Second, does the Court have authority to make the award sought? Third, assuming the first two matters have been determined affirmatively, what sum is reasonable to compensate counsel and reimburse for expenses claimed?

■ The record in this case establishes the strongest possible basis under decisions governing the discretion of an equity judge for the award of attorneys' fees and expenses. No purpose will be served by recapitulating the record in this matter which will amply support the following factual determinations.

(1) The Pyramid Lake Paiute Tribe of Indians is impoverished. The Reservation is a "depressed area" and the Tribe's legal expenses alone approximate its entire income.

(2) The Secretary of the Interior was shown to have breached his fiduciary obligation to the Tribe by a course of conduct which continued over a substantial period of time. This was to the severe detriment of the Tribe in a manner that cannot be financially compensated.

(3) In the course of these proceedings, the Secretary's representatives acted in an obdurate and intransigent manner refusing in good faith to carry out the Court's directives, and as a consequence unnecessarily extended the litigation to the detriment of the Tribe.

(4) The determinations made in this litigation not only benefited the Tribe but in many very real respects will enhance the public interest. The litigation has given added protection to the environment in and around Pyramid Lake and it has preserved a unique natural resource. In its larger aspects it has caused a significant implementation of national policy toward Indians and encouraged the continued viability of the Lake, thus assisting declared congressional policy.

Litigation of this character should not be burdened with expense, in order to encourage suits that so clearly enhance the public interest. Wyatt v. Stickney, 344 F.Supp. 387, 409 (M.D.Ala.1972).

No review in detail of the decisions is necessary. The following decisions emphasize the single and combined significance of the four factors mentioned as they should govern in the award of attorneys' fees and special expenses. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); Yablonski v. United Mine Workers of America, 151 U.S.App.D.C. 253, 466 F.2d 424 (1972); La Raza Unida v. Volpe, 57 F R.D. 94 (N.D.Cal.1972).

■ A more difficult question is presented when the Court turns to a consideration of its legal authority to assess attorneys' fees and costs against the Secretary. Section 2412 of Title 28, United States Code, authorizes a judgment for costs, "not including the fees and expenses of attorneys," against an official of the United States acting in his official capacity. The usual rule, codified in § 2412, is that attorneys' fees cannot be awarded against the Government unless a statute so provides. United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887 (1930). This provision of the Code must be read, however, in the light of 25 U.S.C. § 175 and 25 U.S.C. § 476. Read together, these two provisions show that Congress intended that the United States Attorney should represent recognized Indian Tribes in all suits at law and in equity and that as an additional safeguard Congress authorized the Tribes to employ legal counsel, "the choice of counsel and fixing of fees to be subject to the approval of the Secretary of the Interior," for the purpose of preventing, among other things, the disposition of tribal assets without the consent of the Tribe.

It has long been recognized that in providing the United States Attorney to assist Indians in litigation, the Congress did not make this requirement mandatory. Obviously in this instance where the Attorney General was originally named defendant and also undertook to defend the conduct of the Secretary of

the Interior, his services were unavailable to the Tribe under section 175. There is no indication that the Tribe sought the approval of the Secretary of the Interior of its counsel or fees, although its right to employ counsel in this particular matter under section 476 is clear. Thus the question is presented whether 28 U.S.C. § 2412 is applicable here to bar an award for attorneys' fees in the light of the obvious intention of Congress to provide recognized Tribes with the services of the United States Attorney or the services of private counsel in terms approved by the Secretary.

The background of section 476 is significant. It was passed as part of the Wheeler-Howard bill, 25 U.S.C. § 461, et seq. A reading of the congressional history indicates that Congress was conscious of the fact that Indian Tribes were confronting a dissipation of their assets or other rights because of various administrative actions and conflicting national policies. Accordingly, Congress sought to place Indians in a position to act on their own initiative in such situations to correct inequities and to facilitate presentation of their grievances to federal and state agencies. While not explicitly stated, certainly an aspect of these congressional determinations was the recognition that the Attorney General was not always able or willing to take up cudgels for the Tribes under section 175. Thus Tribes could retain independent counsel and expect to request the Courts for an award of attorneys' fees under specified circumstances such as the present case.

The Court has concluded that the provisions of 28 U.S.C. § 2412 are not a bar to a claim by the Indian Tribe against the Secretary of the Interior based legitimately on the contention that the Secretary has breached his trust by unlawfully and improperly disposing of tribal assets, and that in effect, the statutes provide in such situations that an award of attorneys' fees and expenses of attorneys may be made. It does not appear to the Court that the Tribe's motion should be denied because its choice of counsel and fees was not approved by the Secretary of the Interior. At no time in this lengthy litigation did the Secretary of the Interior raise any question as to the appropriateness of counsel and no objection has been made to the claim for fees. Whether or not this constitutes a waiver is perhaps beside the point, because, in any event, serious constitutional and policy objections can be raised if the statute is interpreted to require the Secretary of the Interior, when he is accused of breach of his fiduciary duty, to have a veto power over the Tribe's selection of attorneys or the fees they are to receive in attempting to vindicate their rights against the Secretary's improper conduct.*

Given these determinations, the Court must turn to a consideration of the appropriate award to be made for attorneys' fees and other litigation expenses. The attorneys involved have submitted by affidavits detailed itemized schedules indicating the nature of the work done from day-to-day and the number of hours logged, together with an itemized statement of various expenses. The Court has reviewed these schedules with great care in the light of the Court's knowledge of the various developments in the case and is satisfied that the time logged and expenses incurred are in all respects related to the conduct of the case, given the novelty and complexity of the issues and the numerous appearances and conferences required in Washington and elsewhere.

Mr. Stitser logged 802 hours and Mr. Pelcyger, on behalf of himself and other attorneys associated with the Native American Rights Fund (NARF), shows a total of 2,032 hours, of which the bulk of the time was logged by Mr. Pelcyger

---

* See President's July 8, 1970, Message to Congress on Indian Affairs, 116 Cong. Rec. 23131, 23135 (1970), also in H.Doc. No. 91–363, 91st Cong., 2d Sess. 9–10 (1970); United States v. Ahtanum Irrigation District, 236 F.2d 321, 338 (9th Cir. 1956), cert. denied, 352 U.S. 988, 77 S.Ct. 386, 1 L.Ed.2d 367.

himself, much of it in court. As often happens, however, some of the effort was unsuccessful, particularly in the initial stages of the case where an attempt was made to join the Attorney General as a party and to revamp the complaint in the light of Court developments. It seems appropriate, accordingly, to discount the time logged in all instances by a factor of ten percent.

As far as the appropriate time charge is concerned, Mr. Stitser, under contract with the Tribe, has done work from time to time below his normal charges at the rate of $30 an hour. Because the other attorneys have been employed by NARF, they are unable to show any customary time charge to be considered. Mr. Stitser was the lead attorney although much of the work was done by Mr. Pelcyger. The Court has determined to compute fees to be awarded at the rate of $30 an hour for all attorneys, regardless of whether they did or did not log time in court. As all experienced attorneys realize, this charge, in the light of current conditions, is at the very bottom of the scale but the nature of the case and the circumstances under which the lawyers undertook the work justify the Court in fixing the fees at this bedrock minimum. Accordingly, the award to the Tribe will be for 722 hours of Mr. Stitser's time at $30 an hour, or $21,660, and to the NARF attorneys for 1,829 hours, at $30 an hour, or $54,870, making a total award for attorneys' fees of $76,530.

As far as incidental attorneys' expenses are concerned, the claim is limited to two matters: first, minimal travel expenses incurred by the attorneys attending court sessions, conferring with Government representatives, and the like. In addition, a claim is made for fees paid to expert witnesses, Woodward-Clevenger & Associates and Clyde-Criddle-Woodward, Inc. The attorneys' travel expenses are clearly appropriate and should be awarded as incidental expenses in the amount of $2,669.92 to Mr. Stitser, and $6,508.57 to the NARF attorneys.

A special comment or two is appropriate with respect to the fees of the expert witnesses, which include travel and expenses in the field, as well as other nontaxable costs related to the testimony given by individuals connected with the concerns retained. The outstanding qualifications of the experts was never challenged in court. The testimony they developed required detailed field experience and investigation. Much of the work performed would not have been required if the Secretary of the Interior had come forward with its experts to provide information which the Court had indicated it desired in order to resolve the issues. The plaintiff's experts played a vital role in the resolution of the case, their work and testimony going to the heart of the matter. Accordingly, it seems entirely appropriate to award their fees as scheduled in the total amount of $20,488.72, making the award to the Tribe for all incidental expenses which are to be reimbursed by the Tribe to the claimants in the amount of $29,667.31. An appropriate form of order carrying out these determinations is attached. The motion of the Pyramid Lake Paiute Tribe of Indians for attorneys' fees and other expenses is granted to the extent set forth above.

### ORDER

On consideration of plaintiff's motion for attorneys' fees and other incidental expenses, the Court, for reasons set forth in an accompanying Memorandum, grants the motion and directs that the Secretary of the Interior shall pay to plaintiff a total sum of $106,197.31, which amount is to be disbursed by plaintiff, upon receipt, for attorneys' fees and incidental expenses as scheduled below:

| | |
|---|---|
| To Robert D. Stitser, Esquire | $24,329.92 |
| To Native American Rights Fund | $61,378.57 |
| To Woodward-Clevenger & Associates | $19,341.65 |
| To Clyde-Criddle-Woodward, Inc. | $ 1,147.07 |

So ordered.