**PYRAMID LAKE PAIUTE TRIBE
OF INDIANS**

v.

**Rogers C. B. MORTON, Secretary of
the Interior, Appellant.**

**No. 73-2184.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 28, 1974.

Decided June 28, 1974.

Lawrence E. Shearer, Atty., Dept. of Justice, with whom Wallace H. Johnson, Asst. Atty. Gen. and Carl Strass, Atty., Dept. of Justice, were on the brief, for appellant.

Robert S. Pelcyger, Boulder, Colo., with whom David H. Getches, Boulder, Colo. was on the brief, for appellee. L. Graeme Bell, III, Washington, D.C. also entered an appearance for appellee.

Before McGOWAN and ROBINSON, Circuit Judges, and WEIGEL* United District of California.

PER CURIAM:

Appellant Secretary of the Interior seeks reversal of a District Court order awarding the Pyramid Lake Paiute Tribe of Indians attorneys' fees and other expenses incurred by its attorneys in connection with the Tribe's successful litigation challenging the Secretary's issuance of a regulation establishing the basis for determining the amount of water to be provided the Truckee-Carson Irrigation District. Pyramid Lake Paiute Tribe of Indians v. Morton, 354 F.Supp. 252 (D.D.C.1973). In response to the Tribe's subsequent motion for the States District Judge for the Northern award of attorneys' fees and other attorneys' expenses, the District Court ordered appellant to pay the Tribe fees and expenses totaling $106,197.31, which

* Sitting by designation pursuant to Title 28, U.S.Code Section 292(d).

the Tribe was to disburse to its attorneys. Pyramid Lake Paiute Tribe of Indians v. Morton, 360 F.Supp. 669 (D.D. C.1973). The single issue presented with respect to this latter ruling is whether the District Court had authority to make the award.

The underlying litigation giving rise to the award began as an action by the Tribe against both the Secretary of the Interior and the Attorney General. The services of the United States Attorney, whose duty to represent Indian tribes under 25 U.S.C. § 175 has been interpreted to be discretionary, *see e. g.,* Rincon Band of Mission Indians v. Escondido Mutual Water Co., 459 F.2d 1082, 1084 (9th Cir. 1972), were "unavailable" to the Tribe in this case, *Pyramid Lake Tribe, supra,* 360 F.Supp. at 671; and it employed private counsel.

As the District Court recognized, the general rule is that "in the absence of a statute directly authorizing it, courts will not give judgment against the United States for costs or expenses." United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 293, 74 L.Ed. 887 (1930). This rule was codified in 28 U.S.C. § 2412, which previously provided that the United States would be liable for fees and costs "only when such liability is expressly provided for by Act of Congress." Act of June 25, 1948, Pub.L. No. 80–773, 62 Stat. 973.

In 1966, Congress amended the statute to authorize a more liberal grant of costs against the Government. No such liberalization was, however, made in respect of legal fees and expenses. The present statute reads, in relevant part: "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in Section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity. . . ." Examination of the legislative history of the present section reveals, as

the statute itself indicates, that the congressional failure to alter the general rule governing the award of attorneys' fees was hardly an oversight. Then Attorney General Katzenbach, in a covering letter submitting the draft bill for Senate consideration, observed that the bill "makes it clear that the fees and expenses of attorneys may not be taxed against the United States." S.Rep. No. 1329, 89th Cong., 2d Sess. 5 (1966), U. S.Code Cong. & Admin.News p. 2531. The Senate Judiciary Committee, in addition to reprinting the Katzenbach letter in its report, observed that the "costs referred to in the section do not include fees and expenses of attorneys." *Id.* at 3, U.S.Code Cong. & Admin.News, p. 2529.

■ It is thus plain, and this court *en banc* recently so stated, that the District Court is without general power to award attorneys' fees against the United States. The Wilderness Society et al. v. Morton, 495 F.2d 1026 (D.C. Cir., 1974) at 1036. See also National Resources Defense Council, et al. v. EPA, 484 F.2d 1331, 1332, 1334–1335 (1st Cir. 1973); Cassata v. Federal Savings & Loan Insurance Corp., 445 F.2d 122, 125 (7th Cir. 1971). Absent direct statutory authority, award of such fees against the Government is not possible.

■■ The District Court, while recognizing its general lack of authority to award such fees, felt that a combined reading of 25 U.S.C. §§ 175 and 476 indicated that Congress intended that Indian tribes could retain independent counsel and expect courts to award fees against the Government in cases in which the tribes were required to sue to prevent unconsented Government dissipation of tribal assets. Reading those sections in light of the legislative background discussed by the District Court, we are unable to agree.

Section 175 simply provides that "[i]n all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity."

25 U.S.C. § 175. This section, as previously mentioned, has been held to impose only a discretionary duty of representation. 25 U.S.C. § 476, upon which the District Court relied somewhat more heavily, is entitled *Organization of Indian tribes; constitution and bylaws; special election*, and provides in pertinent part:

> In addition to all powers vested in any Indian tribe or tribal council by existing law, the constitution adopted by said tribe shall also vest in such tribe . . . the following rights and powers: To employ legal counsel, the choice of counsel and fixing of fees to be subject to the approval of the Secretary of the Interior . . . .

However, as examination of that statute reveals, Section 476 was intended to recognize certain attributes of Indian sovereignty, reflecting the Indian Reorganization Act's overall purpose of restoring a measure of self-control and initiative to the tribes themselves. *See* Mescalero Apache Tribe v. Jones, 411 U.S. 145, 152, 93 S.Ct. 1267, 36 L.Ed.2d 115 (1973). Certainly the requirement in Section 476 that tribal constitutions recognize a role of the Secretary of the Interior in the choice of attorneys and the establishment of their fees does not appear to represent an undertaking by the United States to pay those fees, and we are unaware of anything in the Act's legislative history that indicates that Congress intended to vest authority in the courts to impose such an obligation. *Compare* 42 U.S.C. § 1857h–2(d).

We therefore conclude that the District Court's discernment of statutory authority to award attorneys' fees in this case was in error. *Cf.* United States v. Gila River Pima-Maricopa Indian Comm., 391 F.2d 53, 56–57 (9th Cir. 1968). And, finding no other statutory basis for award of such fees and costs against appellant, we reverse.

It is so ordered.