Maurice SHANNON et al.

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al.**

Civ. A. No. 69–197.

United States District Court,
E. D. Pennsylvania.

Feb. 27, 1976.

Edwin D. Wolf, Shelly Stark, Public Interest Law Center of Philadelphia, Philadelphia, Pa., for plaintiffs.

Robert E. J. Curran, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Plaintiffs have moved for the award of reasonable attorney fees in this ac-

tion, now in its seventh year. For purposes of the present motion, it is unnecessary to review in detail the facts of this case which may be found in three previously reported decisions.[1]

Plaintiffs are residents, businessmen and representatives of private civic organizations in the East Poplar Urban Renewal Area of Philadelphia. The United States Department of Housing and Urban Development and certain individual officers thereof are named as defendants. Plaintiffs' complaint sought an injunction "against the issuance of a contract of insurance or guaranty, and against the execution or performance of a contract for rent supplement payments, for Fairmount Manor, an apartment project which, when the complaint was filed, was about to be constructed in the East Poplar Urban Renewal Area." 436 F.2d 809, 811 (3d Cir. 1970).

Plaintiffs alleged that the administrative decisions regarding the location and type of housing to be constructed had been made in violation of a number of federal statutes. For present purposes the only relevant statute is Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.* (1970), *as amended,* (Supp. IV, 1974).[2] Jurisdiction was based on 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343 (civil rights); and 28 U.S.C. § 1361 (mandamus of federal officers).

Plaintiffs asserted, *inter alia,* that the defendants had not complied with the mandate of section 808(d)(5) of Title VIII, 42 U.S.C. § 3608(d)(5), which in order to further the declared policy of fair housing throughout the United States provides:

"(d) The Secretary of Housing and Urban Development shall—

\* \* \* \* \* \*

(5) administer the programs and activities relating to housing and urban development in a manner affirmatively to further the policies of this subchapter."

Fairmount Manor was constructed during the pendency of this litigation. However, the parties entered into a settlement, and, accordingly, we entered judgment for plaintiffs in May 1975.

The two hurdles which plaintiffs face in seeking an award of attorney fees are the recent Supreme Court opinion in *Alyeska Pipeline Service Co. v. The Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) and the statutory command of 28 U.S.C. § 2412 (1970). In *Alyeska,* the Court held that absent certain exceptions not relevant here[3] a party may not be awarded counsel fees without specific statutory authorization. Similarly, 28 U.S.C. § 2412[4] codifies the common law rule that attorney fees may not be awarded against the United States absent express legislative authorization. *Alyeska, supra,* 421 U.S. at 269, 95 S.Ct. at 1627, 44 L.Ed.2d at 159; *Pyramid Lake Paiute Tribe of Indians v. Morton,* 163 U.S.App.D.C. 90, 499 F.2d 1095, 1096 (1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351, (1975); *see United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131 (1926).

---

1. Our first reported action in this case was to grant defendants' motion to dismiss, 305 F.Supp. 205 (E.D.Pa.1969). The Court of Appeals reversed the dismissal and remanded, 436 F.2d 809 (3d Cir. 1970). After further hearings and argument we denied defendants' motion to dismiss and motion for summary judgment, 387 F.Supp. 5 (E.D.Pa.1974).

2. Although Title VIII was not the primary statute relied upon by plaintiffs, both the Court of Appeals and we decided it was applicable to this suit.

3. *See* notes 8–10 *infra* and accompanying text; p. 1192 *infra.*

4. The relevant portion of § 2412 provides:

"Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action."

Plaintiffs contend that the necessary statutory authorization for the award of attorney fees is present in section 812(c) of the Act, 42 U.S.C. § 3612, which states: "The court may grant as relief * * * reasonable attorney fees in the case of a prevailing plaintiff * * *." The problem with this argument is that section 812 only applies, by its own terms, to suits commenced for violations of sections 804–06, 42 U.S.C. §§ 3604–06. These sections are the substantive provisions of Title VIII and they prohibit discrimination in the sale or rental of housing,[5] in the financing of housing,[6] and in the provision of brokerage services for the sale or rental of housing.[7] Section 808, the provision relied upon by plaintiffs, merely gives the Secretary of HUD certain administrative duties. The Court of Appeals in its previous opinion also recognized this distinction, 436 F.2d at 820:

"Those sections [810–13, 42 U.S.C. §§ 3610–13] of the 1968 Act establish a complaint and enforcement procedure for the redress of discriminatory housing practices prohibited by §§ 804, 805 and 806 of the Act, 42 U.S.C. §§ 3604, 3605, 3606. The complaint and enforcement procedures do not pertain to the Secretary's affirmative duties under § 808(d)(5) of the 1968 Act, 42 U.S.C. § 3608(d)(5) * * *."

Thus it is clear that, on its face, section 812(c) does not authorize an award of counsel fees for suits based on section 808 of the 1968 Act. Nor do we think that a "liberal construction" of the statute supports an opposite result. *Compare Natural Resources Defense Council, Inc. v. EPA,* 484 F.2d 1331 (1st Cir. 1973) *with Natural Resources Defense Council, Inc. v. EPA,* 168 U.S.App.D.C. 111, 512 F.2d 1351 (1975). In other statutes when Congress wished to allow the recovery of attorney fees against the federal government, the will of Congress was made quite clear.[8]

The pre-*Alyeska* cases which plaintiffs cite[9] in their brief are not inconsistent with the conclusion that a "liberal construction" does not support an award of counsel fees here. For example, the Supreme Court decision that attorney fees may be awarded for suits pursuant to section 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412 (1970), was based on the "common fund" doctrine,[10] *not* on a liberal construction of section 102.[11] *Hall v. Cole,* 412 U.S. 1, 4–9, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702, 707 (1973). Furthermore, the statutory bar of 28 U.S.C. § 2412 was not present in any of those cases.

But, argue plaintiffs, there is no provision for even a cause of action for violations of section 808. Since it was necessary for both the Court of Appeals and for us to imply both a cause of action and a waiver of sovereign immunity for section 808 suits, we should similarly imply the remedy provisions of section 812(c) to such suits.

---

5. 42 U.S.C. § 3604 (1970), *as amended,* (Supp. IV, 1974).

6. *Id.* § 3605.

7. *Id.* § 3606.

8. *E. g.,* Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b)(1970), provides:
"In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, *and the United States shall be liable for costs the same as a private person.*" (Emphasis supplied.)
*See also* 42 U.S.C. § 2000b–1; 42 U.S.C. § 2000e–5(k).

9. *E. g., Gartner v. Soloner,* 384 F.2d 348 (3d Cir. 1967), *cert. denied,* 390 U.S. 1040, 88 S.Ct. 1633, 20 L.Ed.2d 302 (1968); *Retail Clerks Union, Local 648 v. Retail Clerks Int'l Ass'n,* 299 F.Supp. 1012 (D.D.C.1969).

10. *See Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Dorfman v. First Boston Corp.,* 70 F.R.D. 366, (E.D.Pa.1976). *See generally* J. Dawson, *Lawyers and Involuntary Clients: Attorney Fees From Funds,* 87 Harv.L.Rev. 1597 (1974).

11. Though the Court did consider and decide whether § 102 prohibited an award of attorney fees under *any* theory. 412 U.S. at 9–14, 93 S.Ct. at 1948, 36 L.Ed.2d at 709.

▇▇ Both the premise and the conclusion of this argument are faulty. First of all, no cause of action was implied for section 808. Rather, judicial review of an administrative decision was undertaken pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (1970). It is well settled that unless Congress has specifically foreclosed judicial review, the federal courts may entertain a legal challenge by an aggrieved person to an administrative decision.[12] *Barlow v. Collins,* 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); *Abbot Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Pollard v. Romney,* 512 F.2d 295 (3d Cir. 1975). Since the Court of Appeals decided that plaintiffs had standing under the APA, 5 U.S.C. § 702,[13] and defendants never established the nonreviewability of section 808 of the 1968 Act, it is clear that judicial review was available and there was no need to imply a private right of action.[14] As to plaintiffs' claim that a waiver of sovereign immunity was implied, we have already stated explicitly in a previous opinion in this case that the doctrine is inapplicable when a federal official's actions are challenged as being beyond the scope of his or her statutory or constitutional duties. 387 F.Supp. at 8; *see Powelton Civic Home Owners Association v. HUD,* 284 F.Supp. 809, 834–35 (E.D.Pa.1968) (citing cases).

▇▇ Plaintiffs' conclusion that we should by implication apply the attorney fee provisions of section 812(c) would be incorrect even if their premise was right. For it is clear that in light of 28 U.S.C. § 2412 and *Alyeska* that counsel fees must be expressly provided for by Congress in cases such as this. *Alyeska, supra,* 421 U.S. at 266–69, 95 S.Ct. at 1626, 44 L.Ed.2d at 158. We simply have no authority to apply section 812(c), which by its own terms does not apply to cases involving administrative compliance with section 808.

▇ Plaintiffs also argue that counsel fees should be awarded because of defendants' "obdurate behavior" in litigating this case. The power of a court to award attorney fees to the prevailing party when the losing party has acted in bad faith was recently reaffirmed by the Supreme Court in *Alyeska, supra,* 421 U.S. at 257–58, 95 S.Ct. at 1621, 44 L.Ed.2d at 153. Whether this rule can be applied to the United States has apparently never been decided and need not be decided here, for we find no evidence of bad faith. While there were numerous instances of delay during the course of this litigation, this was not bad faith, but only bureaucracy operating at its most frustrating pace.

With some reluctance we conclude that plaintiffs' motion for counsel fees must be denied. We feel reluctance because plaintiffs in bringing and settling this suit have vindicated important public policy as declared by Congress. The impact of this suit will extend beyond the residents and businessmen of the East Poplar Urban Renewal Area of Philadelphia. But regardless of our view of the justice of an award in this case, we have no choice but to follow the command of Congress. We can, though, warmly commend plaintiffs' counsel for their singular devotion to this cause throughout its long and ultimately successful history.[15]

Plaintiffs' motion for reasonable attorney fees will be denied.

---

12. The issue of whether the APA provides an independent jurisdictional base was not presented in this case. *See* 436 F.2d at 811; text following note 2 *supra.*

13. 436 F.2d at 818.

14. The standards for implying a private cause of action are more stringent than the standards for meeting the standing and reviewability requirements of the APA. *Compare Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) *with Association of Data Processing Serv. Orgs., Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

15. Edwin D. Wolf, Esquire died January 21, 1976. His efforts were herculean and public-spirited.