Michael L. **MUENICH** and Kenneth R. Powers, Plaintiffs,

v.

The **UNITED STATES of America, Defendant.**

No. H 75–235.

United States District Court, N. D. Indiana, Hammond Division.

April 7, 1976.

Michael L. Muenich, pro se.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This action stems from a claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 et seq., made by plaintiff Powers. Plaintiff Muenich, an attorney, represented plaintiff Powers for that claim. Mr. Powers received an award of benefits in the amount of $7,117.60 in past-due benefits of which 25% ($1,779.40) was withheld as a fund for payment of attorney fees pursuant to the Social Security Act. Plaintiff Muenich petitioned for attorney fees and was awarded $700.00. Payment of the attorney fee to Mr. Muenich and payment of the unawarded portion of the 25% withheld did not occur for some time because of continuing claims filed by Mr. Powers. The delay resulted in the filing of this action to compel payment of the money plus interest, additional attorney fees for the present action and costs. After the fee awarded to Mr. Muenich was paid and the residual of the withheld fund was paid to Mr. Powers, plaintiffs amended their complaint in this action to include only their claims for interest, attorney fees and costs. Jurisdiction under 28 U.S.C. § 1346 is alleged.

## LACK OF JURISDICTION UNDER 28 U.S.C. § 1346

Defendant respectfully asserts that no jurisdiction exists under 28 U.S.C. § 1346 to entertain this action as it is precluded by 42 U.S.C. § 405(h).

42 U.S.C. § 405(h) expressly provides that "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 24 of the Judicial Code of the United States to recover on any claim arising under this title." The Social Security Act as originally enacted also made reference in Section 205(h) to "Section 24 of the Judicial Code." Act of August 10, 1939, Ch. 666, § 205(h), 53 Stat. 1371. Section 24 of the Judicial Code is merely a corresponding reference to § 41 of Title 28.

The Supreme Court has noted in footnote 3 of *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), that section 41 was not a single unique jurisdictional section; it was the totality of general jurisdictional statutes which pertained to the federal district courts:

"The literal wording of this section bars actions under § 41 of Title 28. At the time § 405(h) was enacted, and prior to the 1948 recodification of Title 28, § 41 contained all of that title's grants of jurisdiction to United States district courts, save for several special-purpose jurisdictional grants of no relevance to the constitutionality of Social Security statutes."

In the 1948 recodification of Title 28, a new chapter 85 was created to contain the jurisdictional grants to the district courts, 28 U.S.C. § 1331 et seq. (corresponds to Act of June 25, 1948, ch. 646, § 1331 et seq., 62 Stat. 930). Pursuant to the 1948 Amendments, chapter 85 contained new sections 1331 through 1359 of Title 28 which were formerly found in substance in the old section 41.

It is a basic rule of statutory construction that when one statute incorporates another by reference, an amendment to the incorporated statute operates as an amendment to the statute which incorporated the original act:

"[W]hen a statute adopts the general law on a given subject, the reference is construed to mean that the law is as it reads thereafter at any given time including amendments subsequent to the time of adoption. This is to be contrasted with adoption by reference of limited and particular provisions of another statute, in which case the ref-

erence does not include subsequent amendments." (Footnote omitted) 2A Sutherland, Statutory Construction § 51.07 (4th Ed., 1973).

See *Somermeier v. District Director of Customs*, 448 F.2d 1243 (9th Cir., 1971). Thus, statutory construction indicates that 28 U.S.C. § 1346 is precluded as a basis for jurisdiction for recovery of the claims plaintiffs assert.

■ Under 28 U.S.C. § 1346(a)(2), the only portion of section 1346 which is arguably applicable in this action, plaintiffs' claims must arise under some " . . . Act of Congress . . . " The only such act in this case would be the Social Security Act, 42 U.S.C. § 401 et seq. The Social Security Act provides no jurisdiction for plaintiff's action as section 405(g) provides only for review of final decisions of the Secretary after a hearing in which a plaintiff was a party. The context of this action is now one of review of a final decision of the Secretary. Plaintiffs have not complained of the decisional outcome of proceedings before the Secretary, but seek only interest, additional attorney fees and costs stemming from the time delay in receiving a portion of the award which was made. Because plaintiffs do not seek review of the Secretary's decision, no jurisdiction over this action is afforded by the Social Security Act.

*Plaintiffs have Failed to State a Claim Upon Which Relief Can Be Granted*

Conceding, arguendo, that jurisdiction can be established in this action, the claims which plaintiffs assert are such that no relief can be granted upon them.

■ Plaintiffs here make a claim for interest at 8%, apparently accruing from the date the awards were made until the date they were paid. There is no statutory authority for such a claim either to be made or granted. 42 U.S.C. § 401 et seq. nowhere provides for payment of interest on any amounts awarded in connection with Title II of the Social Secur-

ity Act. Interest on claims against the United States, even where payment has been unreasonably delayed, does not follow automatically allowance of a claim, and, in absence of constitutional requirements, interest can be recovered against the United States only if expressly provided for by contract or statute. *U. S. v. James*, 301 F.Supp. 107 (D.Tex., 1969).

■ 28 U.S.C. § 2411 governs interest payments which can be made concerning final judgments under 28 U.S.C. § 1346. 28 U.S.C. § 2411(b) limits such interest payments to 4% from the date of judgment. Under this section no interest award can be made as plaintiffs have already been paid the amounts due and thus no judgment can be given by this Court which would begin the time period upon which interest could be calculated. Stated alternatively, plaintiffs cannot under section 2411, receive a judgment which states they are entitled to the sums of $700.00 for Mr. Muenich and $1,079.40 for Mr. Green because their entitlement to the sums is not questioned, is not in issue, and has been paid. Without such a judgment, interest cannot begin to accumulate. Thus, defendant asserts that, even if jurisdiction over this action exists, the claim for interest is one upon which no relief can be granted.

■ Plaintiffs have also requested attorney fees in this action. 42 U.S.C. § 406(b) is the only section which could be construed as applicable, assuming that jurisdiction over this action can be found under 42 U.S.C. § 405(g) or 28 U.S.C. § 1346. Under 42 U.S.C. § 406(b) any fee for attorney representation must be paid out of a claimant's past-due benefits. No past-due benefits exist in this action. Further, the section contemplates that any award of fees will be in the context of a court action for judicial review of the Secretary's decision which is not the case herein. Thus, it would appear that § 406(b) does not authorize payment of an attorney fee in an action of this type. Additionally, the Social Security Administration does not pay attor-

ney fees for any claimant in any context. The money which is used to pay such fees is that which has been determined to be payable to successful claimants. Thus, all claimants who receive an award of benefits are paying for services of their attorney with their own money. The Administration merely deducts any fee awards from amounts due to a claimant and forwards it to the claimant's attorney directly. Thus, defendant asserts that there is no statutory authorization within 42 U.S.C. § 401 et seq. by which this Court can order the Secretary to pay an attorney fee of any person who brings suit against him or the United States. Also 28 U.S.C. § 1346 does not authorize this Court to award an attorney fee, if jurisdiction can be found therein. Absent direct statutory authority, the award of attorney fees against the United States is not possible. *Pyramid Lake Paiute Tribe of Indians v. Morton*, 163 U.S.App.D.C. 90, 499 F.2d 1095 (1974), cert. denied, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439. Plaintiff Powers thus cannot successfully claim any attorney fee he incurs be paid by the Government, nor can Mr. Muenich who, additionally, is representing himself in this action. The Court now finds . . . that plaintiffs' claims for attorney fees in this action do not constitute a claim upon which relief can be granted.

Plaintiffs' final claim is that for costs in connection with this action. Defendant states that any award of costs in this action is governed by 28 U.S.C. § 2412. Because of the result herein no such costs are awarded to the plaintiffs in this case.

Therefore, the defendant's Motion to Dismiss is now GRANTED.