George T. NORMAN, Individually and as Guardian ad Litem for Timothy Dale Norman and Tammy Sue Norman and Marianne B. Norman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 74–260.

United States District Court,
D. Delaware,
Wilmington, Delaware.

June 21, 1977.

Vincent A. Theisen, Theisen, Lank & Mulford, Wilmington, Del., for plaintiffs.

James W. Garvin, Jr., U. S. Atty., and Kent Walker, Asst. U. S. Atty., Wilmington, Del., for defendant.

LATCHUM, Chief Judge.

This civil action brought against the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., is based on medical malpractice claims allegedly arising from improperly examining, diagnosing and treating a throat condition of Marianne Norman ("Mrs. Norman") by plaintiffs' physicians at the United States Army Dispensary at Edgewood, Maryland, at the United States Public Health Service, Baltimore, Maryland and at the hospital at the Dover Air Force Base, Dover, Delaware.

The United States has noticed the deposition of Dr. Bruce W. Jafek at Denver, Colorado. Dr. Jafek, a former Public Health Service doctor in Baltimore who is alleged to have examined and treated Mrs. Norman in Baltimore on February 18 and March 27, 1972, is now a private practitioner in Denver. The plaintiffs have moved for a protective order to stay or vacate the deposition notice, or if not so stayed or vacated, for the entry of an order

". . . requiring the United States of America . . . to pay the expense [1] of attendance of plaintiffs' counsel . . . including a reasonable attorney's fee, travel costs by air from Wilmington . . . to Denver . . ., and hotel accommodations during the taking of such deposition and the costs of obtaining a copy of the transcript of the deposition."

The plaintiffs contend that they are financially unable to advance their counsel the expenses necessary for him to attend the taking of the deposition, that the deposition will probably be used at trial because there is no way to force Dr. Jafek to attend trial in Wilmington, and thus it is essential for their attorney to cross-examine Dr. Jafek at his deposition.

The United States, pointing to 28 U.S.C. § 2412, maintains that it can not be required to advance or later pay these costs and expenses. 28 U.S.C. § 2412 reads:

"Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the pre-

---

1. The expenses sought are estimated to total $1,804., consisting of attorney's fee of $1,400., $120 for hotel, meals and miscellaneous ex- penses, $284. for round trip air fare and an unestimated cost of the deposition transcript.

vailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. A judgment for costs when taxed against the Government shall, in an amount established by statute or court rule or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation. Payment of a judgment for costs shall be as provided in section 2414 and section 2517 of this title for the payment of judgments against the United States."

 This statute only permits a *prevailing* party to be awarded those costs enumerated in § 1920 against the United States. The costs that may be taxed under § 1920 are: (1) fees of the clerk and marshal, (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification and copies of papers necessarily obtained for use in the case, and (5) docket fees under 28 U.S.C. § 1923.

 Plaintiffs concede that there is no statute specifically providing for awarding the expenses sought against the United States. Hence, it is clear that only the costs mentioned in § 1920 can be awarded and then only to the plaintiffs if they prevail in this litigation. Accordingly, attorneys' fee, air fare, hotel accommodations and meals and miscellaneous expenses are not recoverable as costs under § 1920 against the government. The cost of the deposition transcript may become an allowable cost to plaintiffs if used at trial and plaintiffs prevail.

Thus this Court is without power to order the United States to advance attorney's fees and expenses for Dr. Jafek's deposition in Colorado. *Adams v. Carlson*, 521 F.2d 168 (C.A. 7, 1975); *United States Steel Corp. v. United States*, 519 F.2d 359, 361 (C.A. 3, 1975); *Natural Resources Defense Council, Inc. v. Environmental Protection Agency*, 168 U.S.App.D.C. 111, 512 F.2d

1351, 1353 (1975); *Pyramid Lake Paiute Tribe of Indians v. Morton*, 163 U.S.App. D.C. 90, 499 F.2d 1095, 1096 (1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975).

 Because of the unavailability of funds from the government to permit plaintiffs' counsel to attend the deposition, plaintiffs urge the Court in the interest of justice to vacate the notice and not allow the deposition to proceed. However, plaintiffs in paragraphs 4, 5 and 6 of their complaint have specifically named Dr. Jafek as one of the physicians alleged to have been guilty of malpractice in 1972. No authority has been brought to the Court's attention and none has been found which would allow the Court to deny the government the right to take the deposition under the circumstances here presented and plaintiffs' motion for a protective order will be denied.