Jane DOE, John Doe, Sally Doe, and Jill Doe, individually, on behalf of their minor children, and on behalf of a class of persons in the State of Indiana similarly situated, Plaintiffs,

v.

INDIANA STATE BOARD OF EDUCATION; Harold H. Negley, in his official capacity as State Superintendent of Public Instruction; Lafayette School Corporation Board of School Trustees; individually and as representative of all public school Boards of School Trustees in the State of Indiana; Robert E. Kessler, in his official capacity as Superintendent of the Lafayette School Corporation and as representative of all public school superintendents in the State of Indiana; Tippecanoe School Corporation Board of School Trustees; individually and as representative of all public school Boards of School Trustees in the State of Indiana; Theodore Kawalski, in his official capacity as Superintendent of the Tippecanoe School Corporation and as representative of all public school superintendents in the State of Indiana, Defendants.

Civ. No. L 78–28.

United States District Court,
N.D. Indiana,
Hammond Division at Lafayette.

Nov. 10, 1982.

William C. Fee, Lafayette, Ind., Ivan Bodensteiner, Valparaiso, Ind., Lewis Lessem, South Bend, Ind., for plaintiffs.

Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, Ind., E. Kent Moore, Paul E. Ewan, Lafayette, Ind., for defendants.

MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is presently before the Court on plaintiffs' Petition for Order to Show Cause filed on August 4, 1982. On August 19, 1982, the parties stipulated that the only material issue in dispute is whether the guidelines outlined in the defendants' memo of June 18, 1982 or the food stamp eligibility standard found at 7 U.S.C. § 2014(c)(2) is the correct eligibility standard for schoolbook assistance pursuant to I.C. 20–8.1–9–1 *et seq.* A hearing was held in this case on September 3, 1982 and both parties have fully briefed the issue. For the reasons that follow, this Court concludes that the

correct eligibility standard for schoolbook assistance is the standard set forth in 7 U.S.C. § 2014(c)(2).

As a result of an order entered by this Court in this case on December 11, 1978, the Indiana General Assembly enacted I.C. 20–8.1–9–1 *et seq.* dealing with financial assistance for school children including textbook assistance. That statute directs that the correct eligibility standard for schoolbook assistance shall be the "food stamp program eligibility standard" and incorporates provisions of federal law in defining what is meant by that phrase. Indiana Code Section 20–8.1–9–1 provides in pertinent part:

(a) As used in this chapter, the term "food stamp program financial eligibility standard" means the nonfarm income poverty guidelines prescribed by the federal office of management and budget under 42 U.S.C. 2971(d) for use in determining a family's monthly maximum allowable income for eligibility to participate in the food stamp program under 7 U.S.C. 2014, except that the deductions in 7 U.S.C. 2014(e) may not be used in determining a family's monthly maximum allowable income.

At the time this statute was enacted, 7 U.S.C. § 2014 contained one standard for food stamp eligibility with a set of deductions outlined in subsection (e). In 1981, Congress amended 7 U.S.C. § 2014 providing two standards for food stamp eligibility where only one had existed before. As it now reads 7 U.S.C. 2014 contains two food stamp eligibility standards: (1) the general standard applied to most families, set at 130% of the poverty guideline, excluding deductions and, (2) a separate standard for households with aged, blind or disabled members, based on 100% of the poverty guideline, including deductions.

The Department of Public Instruction has directed application of the 100% aged, blind, and disabled standard. Since deductions are explicitly excluded from eligibility considerations under I.C. 20–8.1–9–2, the 100% guideline is in fact a lower eligibility standard. The net effect is to eliminate those families eligible for food stamps under the 130% guideline whose income happens to

fall above the 100% guideline from eligibility for schoolbook assistance.

The defendants maintain that the 100% standard is correct as that standard is the one corresponding to the standard contained in 7 U.S.C. § 2014 as it existed at the time of the passage of the state statutory scheme. In so arguing, the defendants rely on *Muenich v. United States,* 410 F.Supp. 944 (N.D.Ind.1976), which provides as follows:

It is a basic rule of statutory construction that when one statute incorporates another by reference, an amendment to the incorporated statute operates as an amendment to the statute which incorporated the original act:

[W]hen a statute adopts the general law on a given subject, the reference is construed to mean that the law is as it reads thereafter at any given time including amendments subsequent to the time of adoption. This is to be contrasted with adoption by reference of limited and particular provisions of another statute, in which case the reference does not include subsequent amendments. (footnote omitted) 2A Sutherland, Statutory Construction § 51.07 (4th Ed. 1973).

*See Somermeier v. District Director of Customs,* 448 F.2d 1243 (9th Cir.1971). In essence, the defendants contend that this Court may not add or consider the amendments to the federal statute in interpreting the state statute because the state statute adopting the federal eligibility standard for food stamp assistance does not contain specific language adopting future amendments to the federal statute and the references to the federal statute are limited to specific provisions and thus comes within the exception to the general rule on statutory construction.

This Court finds the defendants' argument unpersuasive. The plain language of I.C. 20–8.1–9–1 *et seq.* indicates that the Indiana General Assembly intended to tie eligibility for schoolbook assistance to the eligibility standards for food stamps, whatever that standard may be. Indiana Code 20–8.1–9–2 repeatedly makes reference to

the food stamp program financial eligibility standards and requires the township trustees to adopt and notify the school corporations in the townships by July 1 of each year of the financial eligibility standards based on food stamp eligibility standards and procedures which must be followed by applicants in order to qualify for assistance in the forthcoming school year. If a trustee fails to do so, the standard will automatically be the food stamp program eligibility standards *in effect* in Indiana on July 1. This language requires that the eligibility standards be reevaluated each year and thus indicates that the Indiana General Assembly intended to incorporate any amendments or changes in the food stamp financial eligibility program into the schoolbook assistance eligibility program.

In light of the foregoing, the State defendants are ordered to notify the School Superintendents of the correct eligibility standard for schoolbook assistance consistent with this opinion.

SO ORDERED.