**FARMERS COOPERATIVE DAIRY, INC., et al., Plaintiffs,**

**v.**

**John R. BLOCK, Secretary of Agriculture, United States Department of Agriculture, Defendant.**

**Civ. A. No. 85–6484.**

United States District Court, E.D. Pennsylvania.

Jan. 12, 1989.

J. Jackson Eaton, III, Allentown, Pa., John T. Wertz, Robesonia, Pa., for plaintiffs.

Garrett D. Stevens, Deputy Asst. Gen. Counsel, Dept. of Agriculture, Marketing Div., Washington, D.C., for defendant.

## MEMORANDUM

TROUTMAN, Senior District Judge.

Presently before us in the above-captioned case is plaintiffs' counsel's Motion for an Award of Fees and Costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks a total of $39,570.68 which represents $32,805.14 for fees associated with the litigation, $2,985.60 for expenses and $3,779.94 for preparation of the instant fee petition.

The Secretary opposes the Motion on the grounds that: (1) two (2) of the original plaintiffs, who were subsequently dismissed but continued to pay seventy percent (70%) of the requested fees and costs, were not "prevailing part[ies]" within the meaning of the EAJA; (2) the remaining parties did not prevail on every issue argued at the permanent injunction hearing; therefore, the government's position was substantially justified on those issues; (3) the hourly rate that plaintiffs' attorney charged for his time exceeds the amount allowed under the EAJA; (4) many of the costs, which plaintiffs seek to recover, are

not recoverable under the EAJA and (5) plaintiffs cannot recover for the time spent and costs incurred in preparing the supplemental fee petition filed on May 6, 1988. All of the above, the Secretary argues, significantly reduces the $39,570.68 requested by plaintiffs' counsel in his motion.

## I. *Prevailing Party*

■ On July 17, 1986, this Court signed an Order which permanently enjoined the Secretary from implementing changes that would alter the size of two (2) milk marketing areas. *Lehigh Valley Farmers, et al. v. Block*, 640 F.Supp. 1497 (E.D.Pa.1986), *aff'd*, 829 F.2d 409 (3d Cir.1987). In that Order, this Court also dismissed two (2) of the plaintiffs, Guers Dairy, Inc., and Valley Farms, Inc., for failure to exhaust formal administrative remedies. *Id.* at 1500. These two corporations had paid seventy percent (70%) of the attorney's fees and costs until they were dismissed, and they continued to do so until the end of litigation.

Plaintiffs' counsel argues that the dismissal of these corporations has little to do with the amount of fees and costs that should be awarded. Plaintiffs' counsel states that "whether Valley Farms and Guers have an equitable subrogated interest in any recovery obtained by Farmers Cooperative Dairy should not be of concern to the government any more than repayment of a bank loan or other financing arrangement would be." (*See* Supplemental Memorandum in Support of the Equal Access to Justice Act Petition of Plaintiffs, p. 5). It is interesting to note that this is a different position from the one taken by plaintiffs in their original Memorandum filed on January 25, 1988. In that document, the plaintiffs state that their "status as prevailing parties could not be more clearly established." (*See* Memorandum of Plaintiffs in Support of Motion for Equal Access to Justice Act Fees and Costs, p. 3). It is detrimental to the plaintiffs' case that they cannot provide the Court with cases to support either position.

The Secretary opposes the payment of attorney's fees and costs to cover the

amount of money paid by these two dismissed corporations. Quite simply, he argues, because this Court dismissed Valley Farms, Inc., and Guers Diary, Inc., prior to the conclusion of the case. They were, therefore, no longer parties to the action let alone "prevailing part[ies]" within the meaning of the EAJA.

It is unfortunate that this Court could not find any cases to firmly support either argument offered by the parties. However, this Court is swayed by the logic of the Secretary's position, and this Court has an indication that the Third Circuit would agree with it.

A party to an action is deemed prevailing if it has received all the relief that it requested. *Natural Resources Defense Council v. U.S.E.P.A.*, 703 F.2d 700, 704 n. 5 (3d Cir.1983). *See also Tressler v. Heckler*, 748 F.2d 146, 149 (3d Cir.1984). In this case, Valley Farms, Inc., and Guers Diary, Inc., were not parties to the action when this Court permanently enjoined the government from implementing the changes to the milk marketing areas. They were not and are not in a position to request any relief from this Court. The fact that the remaining plaintiffs received the relief requested does nothing to change the fact that Valley Farms, Inc., and Guers Diary, Inc., have no rights under the EAJA. Plaintiffs are entitled to recover the attorney's fees and expenses paid only by "prevailing part[ies]". Thus, plaintiffs may recover only thirty percent (30%) of the amount ultimately determined to be compensable.

## II. *Substantial Justification*

The EAJA provides for the award of attorney's fees and costs "unless the court finds that the positon of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" has been defined to mean "justified to a degree that would satisfy a reasonable person." *Pierce v. Underwood, et al.*, — U.S. —, —, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490, 504 (1988). This definition is no different from the "reasonable basis both in law and fact" formulation

adopted by the Third Circuit. *Id.* — U.S. at —, 108 S.Ct. at 2550–51, 101 L.Ed.2d at 505, *Citizens Council of Delaware County v. Brinegar*, 741 F.2d 584, 593 (3d Cir.1984). The test, therefore, is "essentially one of reasonableness." *Dougherty v. Lehman*, 711 F.2d 555, 561 (3d Cir.1983).

The Secretary argues that the award of attorney's fees and costs should be reduced because plaintiffs advanced two legal theories on which they did not prevail. The first was the government's alleged reliance on non-record evidence in reaching its decision to alter the size of the milk marketing areas. The second was whether the Court could review certain certifications made by the government pursuant to the Regulatory Flexibility Act, 5 U.S.C. §§ 601–612. This Court did not reach the first issue and held that it could not review the second. As a result of the court's decision, the Secretary argues that his position as to these two issues was substantially justified.

The Secretary states that his arguments are supported by the Third Circuit's holding in *Goldhaber v. Foley*, 698 F.2d 193 (3d Cir.1983). In that case, the plaintiff offered two legal theories in support of its requested relief. The court held for the plaintiff on only one of those theories and proportionately reduced plaintiff's requested award for fees and costs. The Secretary requests that this Court do the same. The Secretary, however, fails to note a subsequent Third Circuit case which stated that "the [district] court was correct to reject any suggestion that the court should focus on discrete arguments rather than essential claims." *Brinegar*, 741 F.2d at 595.

The *Goldhaber* decision does not require an apportioning of fees and costs "according to individual points of argument won and lost. Such an approach would turn litigation such as this, already cumbersome by its very nature, into a competition where relating point scores for each argument would be totaled." *Id.* The focus, therefore, should be the major claims asserted by the plaintiff. *Id.*

In this case, the plaintiffs were seeking to permanently enjoin the Secretary from changing the size of two (2) federally regulated milk marketing areas. This Court granted the injunction because the Secretary's "Findings and Conclusions" were not supported by substantial evidence. *See Lehigh Valley Farmers, et al. v. Block,* 640 F.Supp. 1497 (E.D.Pa.1986), *aff'd,* 829 F.2d 409 (3d Cir.1987). The failure to comply with proper administrative procedures, therefore, was the crux of plaintiffs' claim. The two issues on which the Secretary claims his position was substantially justified were closely entwined with the search for substantial evidence to support the Secretary's "Findings and Conclusions." This Court found no such support, and even though it "did not reject every argument raised by the Secretary; in view of the deficiencies in the procedures followed by the government, the Secretary's position cannot be *reasonably* termed substantially justified." *Brinegar,* 741 F.2d at 595 (emphasis added). The amount recoverable, therefore, remains unchanged.

### III. *Hourly Rate*

■ The Secretary objects to the $90 hourly rate charged by plaintiffs' attorney. The EAJA provides for a $75 per hour cap "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

The Supreme Court, in *Pierce,* held that the exception for "limited availability of qualified attorneys for the proceedings involved" refers to attorneys "qualified for the proceedings" in some specialized sense, rather than in general legal competence. *Pierce,* ── U.S. at ──, 108 S.Ct. at 2554, 101 L.Ed.2d at 509. The Court stated that this subsection includes attorneys having some distinctive knowledge or specialized skill needful for the litigation in question. *Id.* "Examples of the former would be an identifiable practice speciality such as patent law, or knowledge of foreign law or language." *Id.* Such qualifications warrant the award of a rate in excess of the $75 cap. *Id.*

This Court believes that plaintiffs' attorney's qualifications fall squarely within the test stated by the Supreme Court. Mr. Beshore worked for The Department of Agriculture in 1974 and 1975 during which time he dealt with the enforcement and administration of federal milk marketing orders. (*See* Mr. Beshore's resume). Many of Mr. Beshore's present professional memberships are agriculture related. (*Id.*) In addition, Mr. Beshore has written, for publication, a chapter in a book which surveyed the law concerning federal marketing orders. (*Id.*) In fact, the Secretary admits that plaintiffs' attorney has a good deal of familiarity with federal milk marketing orders, but states that incomparable expertise and a high degree of specialization are not sufficient grounds to justify exceeding the $75 cap. (*See* Defendant's Reply, p. 18). The Supreme Court, however, has stated that incomparable expertise and a high degree of specialization *are* sufficient grounds to justify exceeding the $75 cap. The award, therefore, will not be further reduced.

### IV. *Costs*

The Secretary argues that the costs and expenses claimed by the plaintiffs are not all recoverable under the EAJA. Resolution of this issue requires consideration of three (3) EAJA provisions. Title 28 U.S.C. § 2412(a) provides in part:

[A] judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs

incurred by such party in the litigation.[1]

Subsection 2412(d)(1)(A) then provides that when an award under the EAJA is appropriate:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a)
. . .

Subsection 2412(d)(2)(A) provides in part:

"[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or the project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorneys fees
. . .

The Secretary agrees that plaintiffs are entitled to costs for photocopying, $1,063.90, and the $60 District Court filing fee.[2] He disputes plaintiffs' request for all other costs.

■ A simple reading of the statute allows the plaintiff to be awarded, additionally, the amount of money spent on the transcript of the administrative hearing, $230.50, and on the deposition transcripts, $459.10. 28 U.S.C. § 1920(2). This Court believes that these transcripts were necessary for the proper and efficient presentation of this case, and therefore, plaintiffs are entitled to recover for those expenses.

■ As for the remaining disputed items, travel expenses, telephone and postage, the case law is divided on the scope of subsection 2412(d)(2)(A). The Third Circuit has, unfortunately, not determined the

scope of this subsection. Several courts, however, viewing the enumerated items of the subsection as an exclusive list of compensable fees and expenses, have held that travel expenses, telephone and postage are not available under the EAJA. *See Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 224 (D.C.Cir.1984); *Norman v. United States*, 74 F.R.D. 637 (D.Del.1977). This Court finds this interpretation of the scope of the EAJA to be persuasive. The plaintiffs, therefore, cannot recover for travel expenses, telephone and postage.

The total amount of requested costs and expenses is $2,985.60. Plaintiffs are, however, entitled to only $1,813.50 (total request minus noncompensable expenses of travel, telephone and postage). The portion, therefore, recoverable by prevailing party plaintiffs is $544.05.[3]

## V. *Fee Petition Preparation*

■ Plaintiffs, in their Supplemental Memorandum, request $3,779.94 for the time spent preparing the fee petition and state that a supplemental affidavit documenting this time will be filed. The Secretary correctly states that no such affidavit has been filed to date.

The EAJA provides that a fee petition must be filed within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Such a petition must include an itemized statement showing the actual time expended and the rate at which fees and other expenses are computed. *Id.* Plaintiffs have failed to comply with this subsection of the EAJA. The award to the plaintiff, therefore, is reduced by the

---

1. Title 28 U.S.C. § 1920 provides:

    A judge or clerk of any court of the United States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under Section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and sala-

ries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

    A bill of costs shall be filed in the case and upon allowance, included in the judgment or decree.

2. This amount, of course, is to be reduced to the extent that part of these costs were paid by non-prevailing parties.

3. This amount signifies thirty percent (30%) of the requested fees and costs to which they are entitled.

amount requested for the fee petition preparation.

VI. *Conclusion*

In accordance with the foregoing analysis, this Court is prepared to determine the actual award plaintiffs are entitled to under the EAJA. Before doing so, it is necessary to resolve a $600 contribution made by a prevailing party. Defendant failed to suggest how that amount should be treated in connection with the reductions it contends should be made in plaintiffs' requested fees and costs. Consequently, this Court considers it completely compensable. Accordingly, this Court will attribute it entirely to fees and will subtract that amount from the requested $32,805.14.

This amount remaining, $32,205.14, is subject to a seventy percent (70%) reduction for the monies paid by non-prevailing parties. Thus, the total amount of compensable fees equals $600 plus $9,661.54 ($32,205.14 × 0.3) which is $10,261.54. To that amount, this Court adds the $544.05 which was determined to be the amount of compensable expenses paid by prevailing parties. The total award, therefore, is $10,805.59.