# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1318V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| JOHN GREELING, | Special Master Corcoran |
| Petitioner, | Filed: July 10, 2017 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Danielle A. Strait*, Maglio, Christopher & Toale, Seattle, WA, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On November 4, 2015, John Greeling filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the influenza vaccine he received on February 7, 2014, caused him to suffer from transverse myelitis. ECF No. 1. The parties eventually filed a stipulation for damages on April 25, 2017 (ECF No. 26), which I adopted as my decision awarding damages that same day. ECF No. 27.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the decision will available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated June 22, 2017. *See* ECF No. 33 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $18,768.62 (representing $16,902.70 in attorney's fees, plus $1,865.92 in costs). *Id*. Respondent reacted on July 6, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 34.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

Though Respondent does not object to the sum requested, special masters have discretion to determine the reasonableness of a fees award. *Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Here, I find some adjustment to the requested amount is warranted.

Petitioner requests reimbursement for the work performed by her attorney, Ms. Danielle Strait, at varying rates: $295 per hour for 2014-2015 work; $306 per hour for 2016 work; and $320 for work performed in 2017. Ex. 15 (ECF No. 33-1) at 15. I have previously found that attorneys in the Washington, DC, office of Maglio, Christopher & Toale are entitled to forum rates.[4] *See, e.g., Foster v. Sec'y of Health & Human Servs.*, No. 14-309V, 2016 WL 7233943 (Fed. Cl. Spec. Mstr. Nov. 2, 2016); *Dearing v. Sec'y of Health & Human Servs.*, No. 14-289V, 2016 WL 7451349 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). Therefore, it is appropriate to apply the *McCulloch* forum rate

---

[3] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. This forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

[4] It appears that most of the work on this matter was performed while Ms. Strait was still located at the Washington, DC, office. However, in April 2017, she transferred to Seattle, Washington. Ex. 15 at 14. As only 1.5 hours of Ms. Strait's work were performed following this transition, I will defer the determination of Ms. Strait's proper hourly rate in Seattle, Washington, at this time.

ranges to the work performed by Ms. Strait and the paralegals.

Ms. Strait's requested hourly rates for 2014-2015 are within the ranges set forth in *McCulloch*, and thus will be awarded. However, the rates requested for 2016-2017 work are outside of the applicable forum rate ranges. As of 2017, Ms. Strait has seven years' experience as a licensed attorney, and is appropriately awarded rates at the top end of the relevant range due to the high quality of her work. Ex. 18 (ECF No. 33-4) at 1. The appropriate *McCulloch* fees range for an attorney with similar experience is $230 to $307 per hour, however, making her requested rate of $320 per hour for 2017 work too high. I will instead cap her rate at $307 per hour for 2017, consistent with what other special masters have recently awarded.[5] *See Schultheis v. Sec'y of Health & Human Servs.*, No. 13-781V, 2017 WL 2825819, at *2 (Fed. Cl. Spec. Mstr. June 5, 2017).

Under the 2015-2016 rate fee schedule, the applicable rate range for Ms. Strait in 2016 (with six years' experience) is $225-$300 per hour, making her requested rate of $306 inappropriate as well. *McCulloch*, 2015 WL 5634323, at *19. I will award $300 per hour for work performed in 2016, which is consistent with my previous decisions. *See Dearing*, 2016 WL 7451349, at *2. This results in a reduction from the total attorney's fees and costs award of $173.80.

Petitioner also requests payment for paralegal work at rates of $105-$145 per hour for work performed from 2014-2017. *Id.* The requested rates are consistent with *McCulloch*, and will not be adjusted. *McCulloch*, 2015 WL 5634323, at *21.

The hours expended on this matter otherwise appear to be reasonable. Ms. Strait spent 31.7 hours working on this matter, while various paralegals and law clerks performed 50.5 hours of work. I do not find any particular entries to be objectionable, nor has Respondent identified any as such. Therefore, these hours will be reimbursed in full. I also find the requested litigation costs (representing payment for medical records, postage, and filing fees) to be reasonable and will award them.

---

[5] I note that in one of my recently-issued decisions, Ms. Strait requested and received $320 per hour for 2017 work. However, as noted in that decision, I did not make an inquiry into that appropriateness of the requested rate at the time, due to Respondent's lack of objections and the overall reasonableness of the amount requested. Importantly, I indicated that the decision did <u>not</u> constitute specific approval of the requested rate. *Galinato v. Sec'y of Health & Human Servs.*, No. 15-928V, 2017 WL 2461373, at *1 n.3 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. An award of **$18,594.82** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Danielle A. Strait, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.