# In the United States Court of Federal Claims

No. 20-414C
(Filed: June 22, 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| | \* |
| TATIANA HUNT, | \* |
| | \* Motion to Dismiss |
| Plaintiff, | \* Lack of Subject Matter Jurisdiction |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER DISMISSING CASE

On March 31, 2020, Plaintiff, acting *pro se*, filed a complaint with this Court.[1] In her complaint, Plaintiff alleges that she was found guilty of "Disturbing the peace," "Injury to Property," and "Contempt of Court," each a criminal misdemeanor, after a hearing before a magistrate judge in the Idaho district court for Ada County, Idaho. ECF No. 1 at 2-3. Plaintiff alleges wrongful conduct by the local law enforcement officials involved in each case. Plaintiff asserts that she has the right to "appeal to the United States Court of Federal Claims, Washington D.C. the three malicious nonsense judgments," ECF No. 1 at 3, and maintains that the "malicious misdemeanors should be VACATED immediately," ECF No. 1 at 13. In addition to having her misdemeanor convictions reversed, Plaintiff seeks more than $2,000,000 in damages for injuries Plaintiff sustained as a result of the law enforcement officials' alleged misconduct.[2]

On June 2, 2020, the Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) or, alternatively, for failure to state a claim under RCFC 12(b)(6).

---

[1] On March 31, 2020, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). Plaintiff's IFP application is granted for the limited purpose of determining whether this Court has jurisdiction.

[2] The Court notes that this suit is substantially similar to Plaintiff's prior suit in this Court, in which the Court found that subject matter jurisdiction was lacking. *See Hunt v. United States,* No. 19-938C, 2020 WL 1907772 (Apr. 17, 2020).

For the reasons that follow, the Court hereby **GRANTS** the Defendant's motion to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction.[3] In light of this, the Defendant's alternative theory of dismissal pursuant to RCFC 12(b)(6) **is moot**.

## I. Legal Standards

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. § 1491. The Tucker Act limits this Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, a plaintiff must identify a "money-mandating" source of law to support a claim for money damages. *See Jan's Helicopter Serv., Inc. v. FAA,* 525 F.3d 1299, 1309 (Fed. Cir. 2008). If the claim is not based on a "money-mandating" source of law, then it lies beyond the jurisdiction of this Court. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

## II. Discussion

In her complaint, Plaintiff asserts that she is appealing "against the Idaho Ada County Magistrate Court and against Idaho Supreme Court from the final judgments of two malicious Misdemeanors for 'Disturbing the peace' 118-6409…., and the 'Injury to Property' 1180-700(1)" in Idaho Ada County Magistrate Court Case No. CR01-18-53459 and the Idaho Supreme Court Appeal Docket No. 47671 and from the final judgment of a third "malicious Misdemeanor" for "'Contempt of the Court" in Idaho Ada County Magistrate Case No. CR01-19-06879 and the Idaho Supreme Court Appeal Docket No. 47672. ECF No. 1 at 2-3. Plaintiff further asserts that her "malicious misdemeanors should be VACATED immediately from

---

[3] Plaintiff has not yet filed a response to the Defendant's motion. However, the Court has considered Plaintiff's complaint and agrees with Defendant that subject matter jurisdiction is lacking. Because the Court has determined that it does not have jurisdiction over any of Plaintiff's claims, Plaintiff's complaint must be dismissed.

[Plaintiff],” citing the Equal Protection Clause and Due Process Clauses of the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment. *Id.* at 23.

To the extent that Plaintiff is asking the Court to review the decisions of the Idaho state courts in the referenced cases and to reverse Plaintiff's criminal convictions, the Court lacks authority to do so. This Court does not have jurisdiction to review the decisions of state or Federal courts. Further, final judgments entered by state courts may only be reviewed by the United States Supreme Court. 28 U.S.C. § 1257; *see Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *Hernandez v. United* States, 96 Fed. Cl. 195, 203 (2010); *see also Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011).

In addition to the reversal of her criminal misdemeanor convictions, Plaintiff seeks more than $2,000,000 in compensatory damages. In her complaint, Plaintiff alleges that “Idaho two marijuana corrupted Officials … indeed Abused the power, they indeed violated the Code of Professional Conducts, they indeed violated so many Idaho laws, they indeed violated so many FEDERAL U.S. LAWS … ABUSING [Plaintiff] with their several malicious FAKE misdemeanors after [Plaintiff] had been assaulted” and that Plaintiff has suffered emotional, economic, and physical injury as the direct and proximate result of the officials' alleged violations of state and federal law. ECF No. 1 at 21-22. Plaintiff further alleges that, as a result of the negligence and/or intentional misconduct of the two Boise officials, Plaintiff is claiming damages in the amount of $2,029,384.51. *Id.* at 23.

The Court does not have jurisdiction over claims arising from these alleged violations. The United States is not liable for the unlawful conduct of state and local government officials. Accordingly, because this Court's jurisdiction is limited to suits against the United States, *see, e.g.*, *United States v. Sherwood*, 312 U.S. 584, 588 (1941), the Court does not have jurisdiction over any of the Plaintiff's possible claims arising from the alleged wrongful conduct of the Idaho officials involved in the criminal proceedings that were brought against the Plaintiff in state court. Such claims fall outside of this Court's jurisdiction for the additional reasons that they sound in tort and, to the extent founded upon federal law, are under the exclusive jurisdiction of the federal district courts.

### III. Conclusion

For the foregoing reasons, the Court finds that the Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction and hereby **GRANTS** the Defendant's motion to dismiss pursuant to RCFC 12(b)(1). Because the case is dismissed, Defendant's alternative theory for dismissal pursuant to RCFC 12(b)(6) **is moot**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/Edward J. Damich
EDWARD J. DAMICH
Senior Judge