NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD R. MYLES, JR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1758

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00875-MMS, Senior Judge Margaret M. Sweeney.

---

Decided:  January 13, 2022

---

RONALD R. MYLES, JR., Glenville, WV, pro se.

CATHARINE PARNELL, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR.

---

PER CURIAM.

Ronald R. Myles, Jr. appeals the final decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. For the below reasons, we affirm.

BACKGROUND

In 2016, Mr. Myles was arrested for and found guilty of two bank robberies. Mr. Myles is currently serving his sentence. When the authorities arrested Mr. Myles, they confiscated more than $137,000 in cash and other personal property. As part of his original criminal proceedings in federal district court, Mr. Myles moved for the return of his confiscated cash and personal property. That request was rejected by the district court and the Sixth Circuit.

Four years later, on July 13, 2020, Mr. Myles filed a complaint *pro se* at the Court of Federal Claims. The complaint sought the return of his confiscated cash and an award for various alleged damages, including "music & career damages," "pain and suffering," "punitive damages," and "Pro Se Legal Fees," together totaling over $450 million. In addition to the damages sought, the complaint alleged that the district court engaged in "illegal Appellate Review" of a state court's "warrant Ruling" and that Mr. Myles's conviction was "invalid" and the result of a "malicious prosecution." Appx. D[1] at 2. The Government moved to dismiss Mr. Myles's complaint.

The Court of Federal Claims agreed with the Government and dismissed the entirety of Mr. Myles's complaint.

---

[1]    Appx. D refers to the Court of Federal Claims decision on appeal, attached to Appellant's brief as Appendix D. We use the pagination provided in the header of Appendix D.

The court interpreted Mr. Myles's complaint as alleging three claims: (1) a collateral attack on his criminal conviction, i.e., an attempt to overturn the criminal judgment against him; (2) a claim under the Takings Clause related to the cash seized during his arrest; and (3) a breach of contract claim. Appx. D at 4–7.

Regarding the first claim, the trial court explained that it does not have jurisdiction to review a criminal conviction by a district court. *Id.* at 4–6. Rather, as the court explained, it only has jurisdiction under the Tucker Act to review a "money-mandating constitutional provision, statute or regulation . . . , or an express or implied contract with the United States." *Id.* at 3 (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc)). The court acknowledged Mr. Myles had identified several sources of law he alleged supported his claims, including the Full Faith and Credit Clause and the Fourth, Eighth, Tenth, and Fourteenth Amendments. The court explained that none of these are money-mandating provisions supporting a claim against the United States under the Tucker Act, and thus the court had no jurisdiction to hear these claims. *Id.* at 4–6. The court further found that to the extent Mr. Myles's malicious prosecution claim could be considered separately from his collateral attack on his conviction, that claim sounded in tort, a type of claim the Tucker Act expressly excludes from the court's jurisdiction. *Id.* at 5 (citing 28 U.S.C. § 1491(a)(1)). The court thus dismissed this first claim for lack of subject matter jurisdiction. *Id.* at 6.

Regarding the takings claim, the court cited our prior case holding that a seizure of personal property during a criminal investigation is not a taking under the Fifth Amendment. *Id.* at 6 (citing *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006)). And regarding the breach of contract claim, the court found that Mr. Myles had not identified a valid contract between himself and the United States. *Id.* at 6–7. The court thus

dismissed these claims for failure to state a claim upon which relief can be granted. *Id.* at 7.

Accordingly, the court dismissed the entirety of Mr. Myles's complaint, either for lack of jurisdiction over the claim or failure to state a claim upon which relief can be granted.[2]

Mr. Myles appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, Mr. Myles again argues that the search warrant under which his money was confiscated was invalid, as well as his conviction; that the Government has committed an unlawful taking; and that the Government has breached a "5th Amendment Takings Clause contract." Appellant's Br. 8.

We start with Mr. Myles's collateral attack on his conviction, which the Court of Federal Claims dismissed for lack of jurisdiction. We review *de novo* a Court of Federal Claims decision to dismiss for lack of jurisdiction. *Creative*

---

[2] The court also certified that, under 28 U.S.C. § 1915(a)(3), an appeal could not be taken in good faith because the claims "are clearly beyond the subject matter jurisdiction of this court or clearly fail as a matter of law." *Id.* at 8. When a district court has so certified, a litigant may still file a motion for leave to proceed *in forma pauperis* with the appellate court. Fed. R. App. P. 24(a)(5). In evaluating these requests, however, the appellate court gives "great weight" to the district court's decision that an appeal should not be taken. *See, e.g.*, *Johnson v. United States*, 352 U.S. 565, 566 (1957). Upon review, we denied Mr. Myles's motion to proceed *in forma pauperis*. *Myles v. United States*, No. 21-1758, ECF No. 7 (Fed. Cir. July 30, 2021).

*Mgmt. Servs., LLC v. United States*, 989 F.3d 955, 961 (Fed. Cir. 2021). We construe *pro se* filings like Mr. Myles's liberally, but that does not alleviate Mr. Myles's burden to establish jurisdiction. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

The Court of Federal Claims is a court of limited jurisdiction; by statute, it may only resolve certain monetary claims against the United States. 28 U.S.C. § 1491. Plaintiffs must identify a contract or a source of substantive law (such as a constitutional provision, federal statute, or agency regulation) that provides a right to money damages. § 1491(a)(1); *see Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004). The source of substantive law must be "money-mandating," i.e., it must mandate compensation by the government. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

The Court of Federal Claims properly determined that it lacks jurisdiction to address Mr. Myles's claims attacking his conviction and sentencing. The Court of Federal Claims does not have jurisdiction to decide criminal claims. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). It similarly cannot review the judgments of federal district courts. *Id.* at 380. We therefore affirm the trial court's determination that it lacks jurisdiction to review Mr. Myles's collateral attack on his conviction.

To the extent Mr. Myles pleaded a malicious prosecution claim, that is a tort claim. *See, e.g.*, *Hernandez v. United States*, 96 Fed. Cl. 195, 203–04 (2010) (describing a malicious prosecution claim as a tort claim). Such claims are expressly excluded from the Court of Federal Claims' jurisdiction. § 1491(a)(1) (excluding claims "sounding in tort" from Tucker Act jurisdiction); *Hernandez*, 96 Fed. Cl. at 203–04 (2010) (dismissing a malicious prosecution claim for lack of jurisdiction). We therefore agree with the trial court that it lacks jurisdiction to resolve this claim.

We turn next to the trial court's dismissal of Mr. Myles's takings and breach of contract claims for failure to state a claim. These are questions of law we review *de novo*. *Creative Mgmt. Servs*, 989 F.3d at 961. We agree with the trial court that these claims were properly dismissed. First, as the trial court explained, "[w]hen property has been seized pursuant to the criminal laws . . . , such deprivations are not 'takings' for which the owner is entitled to compensation." Appx. D at 6 (quoting *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006)). Second, Mr. Myles's unexplained references in his appeal brief to a "5th Amendment Takings Clause contract" and a "due process contract" do not plausibly allege the existence of a contract between the parties, a prerequisite for Mr. Myles to be entitled to breach of contract damages. *See* Appellant's Br. 10–11; *see, e.g.*, *Bell/Heery v. United States*, 739 F.3d 1324, 1326, 1334 (Fed. Cir. 2014) (affirming dismissal where the elements of a breach of contract claim were not plausibly alleged). We therefore affirm the court's dismissal of these claims for failure to state a claim.

## CONCLUSION

For these reasons, we affirm the decision of the Court of Federal Claims.

## **AFFIRMED**

### COSTS

No costs.